SUMMARY ORDER

Plaintiff-Appellant John J. Napolitano, an attorney proceeding pro se, appeals from the September 30, 2005 judgment of the United States District Court for the Eastern District of New York (Feuerstein, J.) sua sponte dismissing his complaint. We assume the parties’ familiarity with the underlying facts and procedural history of the case, as well as with the issues presented on appeal.
We affirm the district court’s holding that the Eleventh Amendment bars Napol-itano’s claims for damages against the New York State Appellate Division, the Grievance Committee, and Saltzman in his official capacity. See Dube v. State Univ. of N. Y., 900 F.2d 587, 594-95 (2d Cir.1990).
We disagree with Napolitano’s contention on appeal that because Appellees acted in “clear absence of all jurisdiction,” they are not entitled to absolute immunity. That argument would apply only to personal-capacity suits; it is irrelevant with respect to the claims against the New York State Appellate Division, the Grievance Committee, and Saltzman in his official capacity, all of which enjoy sovereign immunity under the Eleventh Amendment. Cf. Kentucky v. Graham, 473 U.S. 159, 166-67, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (distinguishing official-from personal-capacity suits, and noting that “[t]he only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity, qua entity, may possess, such as the Eleventh Amendment”); Almonte v. City of Long Beach, 478 F.3d 100, 106 (2d Cir.2007) (“Immunity, either absolute or qualified, is a personal defense that is available only when officials are sued in their individual capacities[.]”). To the extent, if any, Na-politano brought claims against Saltzman in his personal capacity, that argument also fails. Saltzman enjoys absolute immunity for his actions as counsel to the Grievance Committee, which are “quasi- *352 public adjudicatory [or] prosecutorial” in nature. Barbara v. N.Y. Stock Exch., Inc., 99 F.3d 49, 58 (2d Cir.1996) (noting that “courts of appeals have extended absolute immunity to such private actors as ... members of bar association disciplinary committees” (citations omitted)). In receiving the complaints about Napolitano, investigating them, and making recommendations to the Appellate Division, Saltzman was clearly acting within the scope of his jurisdiction. The allegation that he may have violated procedural or ethical rules is irrelevant, as it is the nature of the act and not the impropriety of the act that matters. See Huminski v. Corsones, 396 F.3d 53, 74-75 (2d Cir.2005).
For the foregoing reasons, we AFFIRM the judgment of the district court.